April 20th, 1906.

————o————

No. 3856.

(Court of Appeal, Parish of Orleans.)

ALFRED BERNARD vs. CHARLES M. BARNWELL & Co.

Plaintiff having entered into a contract of employment with de-

fendants for the period of one year as general cotton clerk, and the record showing that his duties under the contract, well-known to plaintiff, would entail both day and night work, his refusal to perform night work is a material violation of the contract, and whether be he discharged or quit voluntarily, he cannot recover the salary for the entire year.

Appeal from Civil District Court, Division "E."

J. C. Henriques, for Plaintiff and Appellant.

Clegg and Quintero for Defendant and Appellee.

ESTOPINAL, J.  Plaintiff sued the defendant to recover nine hundred and ninety-one dollars and sixty-eight cents (991.68) cents, alleging that on September 28th, 1904, he entered into a contract with defendant company which stipulated that he was to be paid one thousand dollars ($1000.00) a year for his services as a general cotton clerk, which, from the record we find to mean that he was to sample, class, put up samples, and act as shipping clerk.   He further alleges that under the terms of the contract in the event there was a profit to the firm exceeding five thousand dollars ($5000.00), less the expense of the firm's business, he was to receive an additional two hundred dollars ($200.00).

That he entered the defendant's employment on the 1st of September, and performed conscientiously the duties with which he was charged up to the 16th of November, 1904, when, without cause and without previous notice, he was discharged.

Plaintiff claims that there is due him by defendant the sum of seven hundred and ninety-one dollars and sixty-eight cents ($791.68) balance on the contract salary fixed, of one thousand dollars ($1000.00), and that he has reason to believe that the profits for the year exceeded five thousand dollars ($5000.00), and he is therefore entitled to the further sum of two hundred dollars ($200.00).

The defendant firm, by their answer, admit the contract of employment, but aver that plaintiff who was employed as a general cotton clerk refused to perform certain work assigned to him, and that being given the option of performing the duties assigned to him or leave the employment of defendant, that plaintiff voluntarily chose to quit, and did so.

There was judgment rendered in the District Court in favor of defendant from which plaintiff prosecutes this appeal.

The contract which forms the basis of this proceeding reads as follows:

"938 Gravier St., New Orleans, La., Sept. 28, 1904.

We hereby agree to pay Alfred Bernard the sum of one thousand dollars ($1,000.00) for his services from the 1st of Sept. 1904, to the 1st of Sept., 1905. If the profits of the business amount to more than enough to pay Mr. Barnwell's guarantee of five thousand dollars ($5,000.00) and the expenses of the business, we hereby agree to pay said Alfred Bernard the sum of two hundred dollars ($200.00), additional.

(Signed)                              Chas. M. Barnwell & Co.

The evidence adduced upon the trial below consists of the testimony of the plaintiff, and the contract and the testimony of Charles M. Barnwell, the member of the defendant firm who employed plaintiff, and the firm's book-keeper, C. S. Bartless.

We have examined the testimony carefully with a view of finding a motive on the part of defendant for discharging other than that which is alleged, to-wit: That plaintiff refused to do work assigned to him, but we have been unable to discover it.

The plaintiff's own testimony shows that he was paid without a murmur from the 1st of September till the middle of November. That during that time his employers handled very little cotton, and that therefore, he was practically idle. He testifies that the busy period begins on or about the 15th of November, from which time it is customary for cotton clerks to work early and late in order to fill orders and avoid losses. Plaintiff's answer to certain interrogatories on this point leave no doubt as to his duties. He is asked:

Q. I understand, in this cotton business that there is some element of time considered, you want to do the business at once?

A. It has to be done in short order, yes, sir.

Q. For instance, if you get an order to turn out a certain amount of cotton, it must be done at once, if possible, immediately?

A. Yes, sir.

Q. Otherwise ......?

A. There might be a loss.

Yet in the face of that testimony we find the plaintiff who has been paid twomonth' s salary for doing nothing, balking at the very first day's work which carries him into the night.

Barnwell testifies that he summoned the plaintiff to his office and inquired of him why he had not reported for work the night previous, and that plaintiff then told him that he was willing to begin work early in the morning but would not work at night, Bartless corroborates him.

Had the work been continuous and heavy for some time before, the Court would probably find it possible to excuse the plaintiff.

Plaintiff is an old cotton clerk who had worked with Barnwell, member of defendant firm, and they were warm friends. Barnwell had employed plaintiff upon the solicitation of one of the latter's friends.

Plaintiff's competency as a cotton clerk is not questioned.

The business of the firm promised well, and the services of a man in the capacity of which plaintiff was employed were needed absolutely. Such being the conditions, we are confronted with the plain inquiry, are the allegations of plaintiff's petition sustained by the evidence and the record? We think not.

The District Judge saw and heard the witnesses, and believed that plaintiff had violated his contract with defendant in a material particular, and could not recover by reason of his discharge. A careful examination of the record leads us to the same conclusion.

The employer is liable for the salary of the unexpired term of the employee under contract if discharged without cause. The employer's right to discharge his employee being recognized, it follows that if he discharged him for cause he is not liable for wages for unexpired term under the contract of employment.

The defendants were clearly in their right.

We discover no error in the Judgment of the District Court, and it is hereby affirmed.